## GREENWALT *v.* TUCKER and others.

*(Circuit Court, E. D. Missouri.   September 27, 1881.)*

1. REVENUE ACTS OF MISSOURI OF MARCH 3, 1872, AND MARCH 21, 1873—ASSESS-
   MENT OF TAXES.
       The Missouri revenue acts of 1872 and 1873 require land situate in St Louis
   county to be assessed, not numerically, but alphabetically, in the name of the
   person owning or holding it, and such person is liable for the taxes thereon.
2. SAME—SAME.
       Where a person who has purchased a piece of land gives a deed of trust
   thereon to secure the purchase money, but remains in possession, he does not
   cease to be the owner or holder of the property within the meaning of said
   statutes.
3. SAME—SAME.
       Said statutes authorize proceedings against the realty itself.
4. SAME—SAME—EJECTMENT—EFFECT OF A SALE FOR TAXES UPON THE RIGHTS
   OF PARTIES CLAIMING UNDER A DEED OF TRUST AND CONVEYANCES THERE-
   UNDER.
       Where A. bought land from B. and gave his note for the purchase-money,
   and a deed of trust on said land to secure their payment, and entered into and
   remained in possession until certain taxes were assessed in A.'s name and levied
   thereon, under said statutes; and where E, the trustee named in said deed of
   trust, had, in pursuance of its terms, sold said land, after said assessment and
   levy, to B., because of A.'s failure to pay said notes, and B. had taken imme-
   diate possession and thereafter conveyed his interest to other parties; and
   where said land was thereafter sold for said taxes assessed as aforesaid, and
   deeds therefor executed and delivered to the purchaser,—*held*, that said tax
   deeds not only conveyed A.'s interest, but also the interest of all persons
   holding under said deed of trust and said conveyance to B.

This is an action of ejectment.   The plaintiff claims through *mesne* con-
veyances under two tax deeds, one of which was for the taxes of 1872, assessed
on the land in question in the name of Mary A. Musser, under the revenue
act of the Missouri legislature, approved March 3, 1872; and the other for the
taxes of 1875, assessed against the same land, in the same name, and under
the same act, as amended by revenue act approved March 21, 1873.   Mrs.
Musser bought said land from Charles Gibson, and gave a deed of trust thereon
to secure the purchase money, L. H. Conn being named therein as trustee.
The indebtedness to Gibson was evidenced by certain promissory notes, and,

Mrs. Musser having failed to pay them, the land was sold by said Conn, in pursuance of the terms of said deed, to Gibson, and a deed to him was executed by said trustee, May 3, 1875. Gibson immediately went into possession, and he and his grantees have since held the premises. Defendants claim through *mesne* conveyances under said deed of trust and the deed to Gibson, and contend that said tax deeds only conveyed the interest of Mrs. Musser, and did not affect their title.

*Menk & Menk*, for plaintiff.

*R. Schulenberg* and *Charles Gibson*, for defendants.

McCRARY, C. J. This is an action for ejectment brought by plaintiff, claiming under a tax title, to recover certain real estate situated in the city of St. Louis. The laws under which the sales and transfer were made are very confused, inasmuch as from the General Statutes there are repeated exceptions as to St. Louis county. It appears, however, with sufficient definiteness, that under the acts of 1872 and 1873, even when analyzed in connection with the act of 1874, that every person "owning or holding property shall be liable for the taxes thereon." See Laws of Missouri, 1873, § 59, p. 95. The agreed case and deeds submitted therewith show that Gibson sold the lots in question to Mrs. Musser and conveyed the same to her by deed, which was properly recorded. It also appeared that at the time of this sale Mrs. Musser entered into possession and remained in possession until after the taxes in controversy were assessed and levied upon the property. At the time of the sale by Gibson to Mrs. Musser he took from her a deed of trust to one Conn, as trustee, to secure the payment of the unpaid portion of the purchase mony and of accruing taxes, etc., with the usual terms of forfeiture.

We are inclined to the opinion that the tax laws in force at the time in the county of St. Louis required the assessment to be made, not numerically, but alphabetically, in the name of the person "owning or holding" the property. Mrs. Musser, by the terms of the conveyance to her, was the owner and holder of the property for the purpose of taxation, subject to defeasance. Hence, the assessment was rightfully in her name. She did not cease to be the owner—certainly she did not cease to be the holder—of the real estate by reason of having executed the deed of trust to recover the unpaid purchase mony due to Gibson.

The acts of the special assembly applicable to this case were designed to enforce the collection of taxes through the different means provided, and, in the absence of their payment, they authorized procceedings against the realty itself, which stood charged with the lien therefor, to be enforced through the collector. This property was so

charged, and the sale made in compliance with the law, with no defect in the proceedings which invalidates the purchaser's title. It was admitted at the hearing that the rents of the property in controversy have amounted to $18 per month. The judgment will be for the plaintiff for the possession of the property, and for $243.60 for rents and costs of suit.